**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re:<br><br>TIMOTHY JEROME BARBER,<br><br>Debtor. | Case No. 25-11391-BFK<br>Chapter 11 |
| BARBER DME SUPPLY GROUP, LLC,<br><br>Plaintiff,<br><br>TIMOTHY JEROME BARBER, et al.<br><br>Defendants. | Adversary Proceeding<br>No. 25-01036-BFK |
| BARBER DME SUPPLY GROUP, LLC,<br><br>Plaintiff,<br><br>TIMOTHY JEROME BARBER, et al.<br><br>Defendants. | Adversary Proceeding<br>No. 25-01037-BFK |

**MEMORANDUM OPINION AND ORDER:
(A) DENYING PLAINTIFF'S MOTION TO REMAND ACTIONS FOR LACK OF SUBJECT MATTER JURISDICTION;
(B) GRANTING PLAINTIFF'S MOTION FOR MANDATORY ABSTENTION;
AND (C) DENYING PLAINTIFF'S MOTION FOR PERMISSIVE ABSTENTION**

This matter is before the Court on the Plaintiff's Motion to Remand these related adversary proceedings to the Circuit Court of Fairfax County, from which they were removed, for lack of subject matter jurisdiction. Docket Nos. 17 (Adv. Pro. 25-01036-BFK), 13 (Adv. Pro. 25-01037-BFK). In the alternative, the Plaintiff seeks abstention, either mandatory or permissive, under 28 U.S.C. §§1334(c)(1) and (2). *Id*. The Defendants, Timothy Barber, Barber Holdings, LLC, SY &

JW, LLC, and Peoples Bank of Ohio, filed Oppositions to the Motions. Docket Nos. 33, 34,(Adv. Pro. 25-01036-BFK), 20 (Adv. Pro. 25-01037-BFK). The Plaintiff filed Reply Memoranda in support of its Motions. Docket Nos. 41, 42 (Adv. Pro. 25-01036-BFK), 28 (Adv. Pro. 25-01037-BFK). The Court heard the parties' arguments on October 7, 2025.

For the reasons stated below, the Court will: (a) deny the Plaintiff's Motions to Remand for lack of subject matter jurisdiction; (b) grant the Motions for Mandatory Abstention; and (c) deny the Motions for Permissive Abstention.[1]

## PROCEDURAL HISTORY

The Court finds that the following facts are not genuinely in dispute.

A. *The Warehouse Property*.

1. On June 20, 2017, Barber DME Supply Group, LLC ("Barber DME") acquired title to the property located at 3852 Dulles South Court, Unit 6-B, Chantilly, Virginia 20151 ("the Warehouse"), for a purchase price of $850,000.00.

2. At the time of the acquisition, Mr. Barber owned 100% of the membership interests in Barber DME.

3. On or about June 29, 2021, Mr. Barber sold his membership interest in Barber DME to Fitzgerald Lewis.

4. On January 26, 2022, Mr. Barber purported to transfer the Warehouse from Barber DME to himself by a Deed of Gift.

5. On May 27, 2022, Mr. Barber purported to transfer the Warehouse to SY & JW Investment, LLC ("SY"), for a purchase price of $1,250.000.00.

---

[1] These adversary proceedings have not been consolidated. However, because they are closely related, the Court will issue a single Memorandum Opinion and Order, to be docketed in both adversary proceedings.

2

6. In connection with SY's purchase, SY granted a Deed of Trust in favor of People's Bank of Ohio ("People's Bank") in the amount of $1,786,000.

B. *The Condo Property.*

7. On August 31, 2016, Barber DME acquired title to the property located at 4080 Lafayette Center Drive, Suite 250, Chantilly, Virginia 20151 ("the Condo"), for a purchase price of $520,000.00.

8. At the time of the acquisition, Mr. Barber owned 100% of the membership interests in Barber DME.

9. As described above, on or about June 29, 2021, Mr. Barber sold his membership interest in Barber DME to Fitzgerald Lewis.

10. On June 26, 2022, Mr. Barber purported to transfer title to the Condo from Barber DME to himself by a Deed of Gift.

11. On August 22, 2022, Mr. Barber purported to transfer title to the Condo from himself to Barber Holding, LLC, of which Mr. Barber is the 100% owner.

12. Main Street Bank is the beneficiary of a Deed of Trust against the Condo in the amount of $416,000.00 (it is not clear to the Court when this Deed of Trust was granted).

C. *The Fairfax Judgment.*

13. On June 23, 2023, Mr. Lewis and Barber DME filed a Complaint against Mr. Barber and others in the Circuit Court of Fairfax County, alleging fraud in connection with the sale of Barber DME. Case No. 2023-09257.

14. After a trial, the jury returned a verdict, and the Circuit Court entered a Judgment against Mr. Barber in the amount of $3,010,000.00 ("the Judgement").

15. The Circuit Court found, as a factual matter, that Mr. Barber "converted the Warehouse." *Id.*, pp. 1-2.

16. The Circuit Court further found, as a factual matter, that Mr. Barber "fraudulently converted the Condo." *Id*., p. 2.

17. The Circuit Court did not order any *in rem* remedies with respect to title to the Warehouse, nor with respect to the Condo.

18. Mr. Barber has appealed the Judgment to the Virginia Court of Appeals. The appeal remains pending as of the entry of this Opinion and Order.

 D. *The Two Complaints for "Fraudulent Transfers."*

19. Barber DME filed two Complaints in the Circuit Court of Fairfax County, alleging that the transfers of the Warehouse and the Condo were fraudulent transfers under Va. Code Ann. § 55.1-400-404.[2]

20. The Complaints allege that the transfers of the properties were fraudulent, and that title "is and remains in the name of Barber DME Supply Group, LLC."

 E. *The Alter Ego Action.*

21. A third lawsuit is pending in the Circuit Court, in which Barber DME seeks reverse-piercing of the corporate veil, alleging that Barber Holding, LLC, and Mr. Barber are alter egos of each other. Case No. 2025-08539 ("the Alter Ego Action").

22. This action has not been removed to this Court, by either party.

---

[2] The two Complaints characterize the transfers as "fraudulent transfers" under Va. Code Ann. § 55.1-400. It is unlikely that the fraudulent transfer statute applies in these circumstances. First, the *Plaintiff*, Barber DME, was purportedly the transferor of the two properties (albeit with allegedly unauthorized Deeds). The Court would be hard-pressed to find a Virginia fraudulent case under which the Plaintiff seeking to avoid the transfer was itself the transferor. Second, Barber DME cannot plausibly claim to be a creditor of itself. *See* Va. Code Ann. § 55.1-400 ("shall, as to such creditors, purchasers, or other persons or their representatives or assigns, be void.") The Plaintiff claims to be a creditor of Mr. Barber and Barber Holding, not of itself. What Barber DME means to say is that the transfers were the product of fraud, not that they were fraudulent transfers within the meaning of the statute.

4

23. Barber DME has filed a Motion for Relief from the Automatic Stay to proceed with the Alter Ego Action in the Circuit Court. Case No. 25-11391-BFK, Docket No. 60.

24. On October 28, 2025, the Court denied Barber DME's Motion. *Id.*, Docket No. 74.

F.  *Mr. Barber Files for Bankruptcy.*

25. Mr. Barber filed a Voluntary Petition under Chapter 11 with this Court on July 10, 2025. Case No. 25-11391-BFK.

26. Mr. Barber did not list an interest in the Warehouse nor an interest in the Condo in his Schedules. He did list a 100% membership interest in Barber Holding. *Id.*, Docket No. 1, p. 17.[3]

27. On July 23, 2025, Mr. Barber removed the two fraudulent transfer cases from the Circuit Court of Fairfax County to this court pursuant to 11 U.S.C. § 1452.

28. The two Notices of Removal allege that the actions constitute core proceedings, or alternatively, that they "relate to the Debtor's Bankruptcy Case." Adv. Pro. 25-01036-BFK, Docket No. 1, ¶¶ 12, 18; Adv. Pro. 25-01037-BFK, Docket No. 1, ¶¶ 12, 18.

29. On August 22, 2025, the Plaintiff timely filed Motions to Remand or Abstain in each of the Adversary Proceedings.

---

[3] Mr. Barber argues that it was proper for him not to list an interest in the Warehouse because it was transferred well before the bankruptcy case was filed. Adv. Pro. 25-1036-BFK, Docket No. 33, p. 39 ("As the Debtor had sold the Warehouse to SY several years ago, and the buyer secured its indebtedness to Peoples Bank by a lien on the property, the Debtor's schedules were accurate").

5

## CONCLUSIONS OF LAW

**I.     Subject Matter Jurisdiction.**

The Plaintiff argues that these adversary proceedings were removed from the State court improperly because this Court lacks subject matter jurisdiction. The Court will examine these claims, below.

*A. Core Jurisdiction.*

Bankruptcy courts have original and exclusive jurisdiction over matters arising under the Bankruptcy Code. 28 U.S.C. §1334(a). This is known as core jurisdiction. Core jurisdiction involves claims that arise only under the Bankruptcy Code, such as preference claims, fraudulent transfer claims, and objections to proofs of claim. *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007); *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003).

The Defendants have the burden to demonstrate that the adversary proceedings were properly removed and that this Court has subject matter jurisdiction. *Mayor and City Council of Baltimore v. BP, PLC*, 31 F.4th 178, 197 (4th Cir. 2022) ("The party seeking removal bears the burden of showing removal is proper"), quoting *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 176 (4th Cir. 2017); *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.") The Defendants assert that the Plaintiff's claims are core, relying on two jurisdictional provisions, 28 U.S.C. §§ 157(b)(2)(H) (proceedings to determine, avoid or recover fraudulent conveyances), and (K) (determinations of the validity, extent or priority of liens). Both of these jurisdictional provisions, however, assume that the property to be recovered, or the determination of the extent and priority of liens, involves

6

property of the bankruptcy estate or property that can come into the bankruptcy estate by virtue of an avoidance and recovery action.

In this case, the Debtor does not claim that either the Warehouse or the Condo is property of the bankruptcy estate. Nor does that the Debtor claim that either property can be recovered for the benefit of the bankruptcy estate as a fraudulent transfer. If the Plaintiff is successful in the two actions, title to the Warehouse and the Condo will be restored to the Plaintiff, Barber DME. If the Defendants are successful, title to the Warehouse would remain with SY and title to the Condo would remain with Barber Holding. In no event would title be restored to Mr. Barber, who held title briefly to the Warehouse (four months) and the Condo (seven months), before the properties were transferred to SY and Barber Holding, respectively. The Court lacks core jurisdiction over actions to recover alleged fraudulent transfers of properties that cannot be recovered for the benefit of the estate, or to determine the validity and priority of liens on property that is not property of the estate.

The Court finds that it lacks core subject matter jurisdiction over the two adversary proceedings.

B. *Non-Core, or Related to, Jurisdiction.*

Bankruptcy courts also have non-exclusive jurisdiction over matters that are related to bankruptcy cases. 28 U.S.C. § 1334(b). The Fourth Circuit has held that bankruptcy courts' non-core, "related to" jurisdiction under 28 U.S.C. § 1334(b) arises when the matter could "conceivably have any effect on the estate being administered in bankruptcy." *Valley Historic*, 486 F.3d, at 836 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

      *(i)*    *The Warehouse Property.*

The Defendants argue in the Warehouse case that if the Plaintiff is successful, SY will have an indemnity claim against the Debtor because SY is at risk of losing title to the property. The possibility of indemnity claims are relevant to the "related to" jurisdictional analysis in Chapter 11 cases. *See Owens-III, Inc. v. Rapid Am. Corp. (In re Celotex Corp),* 124 F.3d 619 (4th Cir. 1997); *Cippolone v. Applestein (In re Va. True Corp.),* 2020 WL 1696103 (Bankr. E.D. Va. 2020). This case is somewhat different, though, from the standard case in which indemnity claims might arise. If the Plaintiff in this case is successful in avoiding the transfer of the Warehouse property, title will be returned to Barber DME and the Debtor will be entitled to a credit on the Judgment for value of the Warehouse property. In this sense, the estate could actually *benefit* from the avoidance of the transfer—the Warehouse property is not property of the bankruptcy estate, so the bankruptcy estate loses nothing, and the estate stands to gain a credit on the Barber DME Judgment.[4]

The Fourth Circuit has made it clear that the potential for a reduction in claims against the bankruptcy estate is sufficient for related to jurisdiction. In *Celotex*, the Fourth Circuit found related to jurisdiction where "any recovery by Owens [the creditor and Plaintiff in the indemnity action] would *reduce* Owens' claim against the Celotex bankruptcy estate for contribution by the same amount, thus altering the liabilities of the Celotex bankruptcy estate. 124 F.3d, at 626 (emphasis added). The Fourth Circuit cited with approval the case of *In re Kaonohi Ohana, Ltd.*, 873. F.2d 1302 (9th Cir. 1989). The *Kaonohi Ohana* case involved a claim for specific performance against a third-party purchaser of real property. The Ninth Circuit held that the case was related to the Debtor's bankruptcy because it could have had the effect of reducing the Plaintiff's claims

---

[4] Counsel for Barber DME agreed at the hearing on October 7, 2025, that Mr. Barber would be entitled a credit on the Judgment in some amount, if Barber DME is successful in obtaining the return of one or both properties. H'rg Tr., October 7, 2025, pp. 24, 27. The difficult issues will be how much of a credit, and at what point in time the properties should be valued for purposes of a credit, if Barber DME is successful in either of these cases.

against the bankruptcy estate. ("Section 1334(b) jurisdiction over Sutherland's suit for specific performance against Stallone exists because the amount of damages, if any, due Sutherland from the estate for breach of contract will be effected by whether Sutherland obtains the property from Stallone.") This is highly analogous to the Warehouse case now before this Court.

In the more recent case of *In re Bestwall, LLC*, 71 F.4th 168 (4th Cir. 2023) ("*Bestwall I*"), the Fourth Circuit found that there was related to jurisdiction over claims against the Debtor's parent corporation, New GP, because "if New GP were found liable for asbestos-related claims in the State court cases, that could reduce the claimants' recovery in the bankruptcy proceeding, thereby reducing the amount of money that would be paid out of the bankruptcy estate." *Id.,* at 179. *See also In re Karcredit, LLC,* 630 B.R. 14 (Bankr. W.D. La. 2021) ("Success on the third-party claims will plainly benefit Debtor's estate and its creditors because it could lead to a reduction in liabilities owed by the estate"); *In re Cornerstone Residential Development Corp.*, 2000 WL 33673770 (Bankr. M.D. N.C. 2000) ("A claim between two nondebtors that will potentially reduce the estate's liabilities produces an effect on the bankruptcy estate sufficient to confer 'related to' jurisdiction under 28 U.S.C. § 1334(b)").[5]

The Fourth Circuit noted in *Celotex* that "the *Pacor* test does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." *Id*., at 626. Thus, *both* the possibility of SY asserting a claim for indemnity against this bankruptcy estate, and the potential for a

---

[5] *Bestwall I* dealt with subject matter jurisdiction. In 2025, the Fourth Circuit addressed the propriety of the use of divisional mergers under Texas law (commonly known as the "Texas Two-Step"). *Bestwall, LLC v. Official Committee of Asbestos Claimants*, 148 F.4th 233 (4th Cir. 2025) ("*Bestwall II*").

reduction of the Barber DME Judgement against the Debtor as a result of any restoration of title to Barber DME, give rise to related to jurisdiction in this case.

      (ii)    *The Condo Property*.

With respect to the Condo property, the result is the same. As with the Warehouse property, Barber Holding (and perhaps its creditors, such as Main Street Bank), arguably could have an indemnity claim against Mr. Barber if title to the Condo is restored to Barber DME. The Condo action is further related to this bankruptcy case in two ways. First, Mr. Barber maintains that a sale of the Condo will help fund his Chapter 11 Plan. He is, after all, the 100% owner of Barber Holding, according to his Schedules.

Second, the Court cannot ignore the existence of the Alter Ego Action when considering whether the Condo fraudulent conveyance adversary proceeding is related to this bankruptcy estate. Even the Plaintiff recognizes the close nexus between the Alter Ego Action and this bankruptcy case. In its Motion for Relief from the Automatic Stay to pursue the alter ego action in State Court, the Plaintiff alleges:

> The Piercing Corporate Veil Litigation's resolution *is critical to the Chapter 11 Plan's confirmation* as it directly implicates Barber Holding as the alter ego of Mr. Barber. Accordingly, the assets of Barber Holding would constitute assets of the bankruptcy estate—not merely Mr. Barber's interest in the entity. This fundamental issue must be resolved prior to the proposal or confirmation of any plan as the outcome will determine the estate's scope and will materially affect the feasibility of any plan. Creditors will not be able to meaningfully assess any proposed plan until this issue is resolved.

Case No. 25-11391-BFK, Docket No. 60, ¶ 10 (emphasis added). *See also Id*., at ¶ 21 ("the resolution of the Piercing Corporate Veil Litigation must be resolved prior to any plan's potential approval.")

The Alter Ego Action and this case seek alternative forms of relief, but they are closely related. The present action seeks a return of title to the Condo *in rem* to Barber DME. The Alter

10

Ego Action seeks to have the Condo made available directly to Mr. Barber's creditors in this bankruptcy case. Clearly, the resolution of the underlying action, involving title to the Condo, and the Alter Ego Action, will have an effect on the course of this bankruptcy case.

In the end, the Court finds that there is related to, but not core, jurisdiction, over both of these actions.

## II. Abstention.

### A. Mandatory Abstention.

Section 1334(c)(2) of Title 28 of the U.S. Code provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Judge Tice, of this Court, characterized this section as a "six-part test for determining whether mandatory abstention applies." *Seven Spring, Inc. v. Abramson (In re Seven Springs, Inc.),* 148 B.R. 815, 817 (Bankr. E.D. Va 1992). Mandatory abstention is improper if the Court finds "any element" set forth by the test is absent. *Smith v. McLeskey (In re Bay Vista of Va., Inc.)*, 493 B.R. 820, 833 (Bankr. E.D. Va. 2008) (internal citations omitted); *Payne v. Doe*, 2017 U.S. Dist. LEXIS 49875, *5 (E.D. Va. 2017) ( mandatory abstention is required when all six criteria are met). [6]

---

[6] This test contemplates whether:
A party to the proceeding [has filed] a timely motion to abstain; (2) The proceeding is based on a state law claim; (3) The proceeding is a "non-core, but related to" proceeding; (4) There is no basis for federal court jurisdiction other than Section 1334; (5) An action is commenced in state court; and(6) The state court action can be timely adjudicated.
148 B.R. at 817.

11

Here, the Plaintiff's Motions for Mandatory Abstention were timely filed. The Complaints involve related to claims, but not core claims, as noted above. The actions could not have been commenced in federal court absent jurisdiction under Section 1334, because they do not involve any federal claims and there is not complete diversity between the Plaintiff and the Defendants. 28 U.S.C. §§ 1331, 1332.

The Defendants argue against mandatory abstention on the "timely adjudication" ground, arguing that this Court can bring these adversary proceedings to a close faster than the Circuit Court of Fairfax County. This may be true, but in reviewing the timeliness of adjudication factor, "a federal court does not undertake a comparison of the relative federal and state dockets." *Virginia ex rel. Integra REC, LLC v. Countrywide Securities Corp.*, 92 F.Supp.3d 469, 477 (E.D. Va. 2015) (internal citation omitted). "The correct inquiry is not where litigation would move the fastest, but whether it can be timely adjudicated in state court at all." *Id*. The Defendants have not met their burden to demonstrate that these actions cannot be timely adjudicated in State court.

The Court, therefore, will grant the Plaintiff's Motions for Mandatory Abstention and will remand these actions to the Circuit Court.

B.  *The Implications of Mandatory Abstention.*

It may be helpful to the parties, and to the State court, to address the implications of the Court's ruling on mandatory abstention. Importantly, both of these actions remain stayed as against the Debtor notwithstanding mandatory abstention. *See* 28 U.S.C. § 1334(d) (any decision to abstain or not "shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting property of the estate in bankruptcy"); *In re Dean*, 2021 WL 1235354 (Bankr. D. ME 2021) (mandatory abstention "does not, by itself, limit the applicability of the automatic stay under 11 U.S.C. § 362 as to the property

of the Plaintiff's bankruptcy estate, including his interests in the business entities at issue in this proceeding.") If the Plaintiff wishes to proceed against Mr. Barber in State court, it will need to file a motion for relief from the automatic stay for cause (11 U.S.C. § 362(c)(1)), and will have to satisfy the *Robbins v. Robbins* factors to proceed in the State court as against the Debtor. *Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th Cir. 1992), as amended (May 27, 1992).

The Alter Ego Action is property of the bankruptcy estate. *National American Ins. Co. v. Ruppert Landscaping Co., Inc.,* 187 F.3d 439 (4th Cir. 1999) (claims for "successor liability, tortious interference with contract, and statutory and common law conspiracy" are property of the estate for which the Trustee has exclusive standing); *Steyr-Daimler-Puch of America v. Pappas*, 852 F.2d 132 (4th Cir. 1988) ("We conclude that an alter ego claim, under Virginia law, is property of the corporation so that it becomes property of the bankruptcy estate over which the trustee has control pursuant to 11 U.S.C. § 541"); *Virginia Brands, LLC v. Kingston Tobacco, Inc.,* 2015 WL 877388 (W.D. Va. 2015). The Plaintiff argues that Mr. Barber is unlikely to sue Barber Holding for a declaration that he and Barber Holding are alter egos of each other. That may be true, and an unreasonable refusal to liquidate the Condo for the benefit of the Debtor's creditors could be grounds for a grant of derivative standing, or for the appointment of a Chapter 11 Trustee or the conversion of the case for Chapter 7. For now, the Alter Ego Action is property of the bankruptcy case, and it is stayed.[7]

C. *Permissive Abstention.*

Finally, the Court will address the Plaintiff's Motions for permissive abstention. Section 1334(c)(1) allows the Court to abstain permissively "in the interest of justice, or in the interest of comity with State courts or respect for State law." The Fourth Circuit has held that the Court should

---

[7] Barber Holding is entitled to file its own Voluntary Petition with this Court.

13

consider the following factors in connection with a permissive abstention motion: (1) "the extent to which state law issues predominate over bankruptcy issues; (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court; and (3) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." *In re Lee*, 461 F. App'x 227, 238 (4th Cir. 2012) (citing *In re Middlesex Power Equip. & Marine, Inc.,* 292 F.3d 61, 69 (1st Cir. 2002)).

These two adversary proceedings involve claims of fraudulent transfers under Va. Code Ann. §§ 55.1-400, *et seq*. (or more accurately, that the properties were transferred fraudulently, see n.2, above). Although these are State law claims, this Court routinely adjudicates fraudulent transfer claims, or claims that properties were fraudulently conveyed. This factor favors permissive abstention, but only very slightly.

There is no "related proceeding" pending in State court, to which this Court can or should defer. There are only *these* proceedings, which were removed to this Court from the State court. *See Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997) ("Abstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain.") This factor weighs against permissive abstention.

With respect to the forum shopping factor, both parties are seeking what they perceive to be the forum that is more amenable to a successful result for their clients—the Plaintiff wants to go back to State Court, the Defendants would like to stay in this Court. This factor does not favor, nor does it auger against, permissive abstention.

Permissive abstention is a discretionary remedy, and the Court is mindful that it has a "virtually unflagging obligation" to exercise the jurisdiction granted to it by Congress. *Moses H.*

14

*Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). As noted above, the Court has related jurisdiction over both of these adversary proceedings. There is no compelling reason for permissive abstention in this case. The Court, therefore, will deny the Motions for Permissive Abstention.

## CONCLUSION

For the foregoing reasons, it is **ORDERED**:

1. The Court will **DENY** the Motions to Remand for lack of subject matter jurisdiction.

2. The Court will **GRANT** the Motions for Mandatory Abstention. Both actions will be remanded to the Circuit Court, but will remain stayed as to the Debtor until the automatic stay is modified or lifted by this Court.

3. The Court will **DENY** the Plaintiff's Motion for Permissive Abstention.

4. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide CM-ECF notice of its entry, to the parties below.

Date: Nov 6 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Nov 7 2025

Copies to:

Robert L. Vaughn, Jr.
Vaughn Law Firm PLC
2 Kettle Bottom Drive
Colonial Beach, VA 2244
*Counsel to Plaintiff Barber DME Supply Group, LLC*

Fitzgerald Lewis
Law Offices of Lewis & Associates, PC
6066 Leesburg Pike,
Ninth Floor
Falls Church, VA 22041
*Counsel to Plaintiff Barber DME Supply Group, LLC*

Timothy Jerome Barber
306 Senate Court
Herndon, VA 20170
*Defendant*

Christopher L. Rogan
RoganMillerZimmerman, PLLC
50 Catoctin Circle, N.E.,
Suite 300
Leesburg, VA 20176
*Counsel for Defendant Timothy Jerome Barber*

SR Agents, LLC
1753 Pinnacle Drive, 12th Floor
Tysons Corner, VA 22182
*Co-Defendant, Pro Se*

Peoples Bank of Ohio
1501 K Street, NW
Washington, DC 20005
*Co-Defendant*

Siobhan Therese Bissell
Christopher Allan Glaser
Jackson & Campbell, P.C.
2300 N Street, N.W.
Suite 300
Washington, DC 20037
*Counsel for Co-Defendant Peoples Bank of Ohio*

Barber Holding, LLC
c/o Kevin O'Donnell
300 N. Washington Street, Suite 604
Suite 604
Alexandria, VA 22314
*Co-Defendant*

Kevin M. O'Donnell
Henry & O'Donnell, P.C.
300 N. Washington Street
Suite 604
Alexandria, VA 22314
*Counsel for Co-Defendant Barber Holding, LLC*

MainStreet Bank
Thomas Chmelik
Melinda Babson
10089 Fairfax Boulevard
Fairfax, VA 22030
*Co-Defendants*

David S. Musgrave
Gordon Feinblatt LLC
1001 Fleet Street
Suite 700
Baltimore, MD 21202
*Counsel for Co-Defendants, MainStreet Bank, Thomas Chmelik, and Melinda Babson*